MARVIN FIGUEROA,

    Plaintiff,

v.

PLANEXHAUST CORPORATION, a
Florida corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MARVIN FIGUEROA, (herein referred to as "Plaintiff" or "FIGUEROA"), by and through his undersigned attorney, hereby files this Complaint against PLANEXHAUST CORPORATION, (hereinafter, "PLANEXHAUST" or "Defendant"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff FIGUEROA is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff FIGUEROA was employed by Defendant as a Shop Worker. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant PLANEXHAUST is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. PLANEXHAUST has its principal place of business in Tamarac, Florida. Defendant PLANEXHAUST has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant PLANEXHAUST is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, PLANEXHAUST is a plane exhaust system parts retailer as well as a service center for plane exhaust systems. Defendant, upon information and belief, repairs exhaust systems which are shipped to it for repair. These parts are then shipped nationwide.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendant PLANEXHAUST, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

**GENERAL ALLEGATIONS**

11. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

12. Plaintiff began working for Defendant in February 2013 as a Welder/Fabricator.

13. During the course of his employment and until the end of April 2016, Plaintiff worked between 45–50 hours per work week. FIGUEROA earned $17/hour until 2015 when his pay was increased to $18/hour. However, Plaintiff was not compensated "on the books" for any of his hours over 40 in a work week.

14. Upon information and belief, Defendant did not maintain accurate records reflecting when Plaintiff actually started and ended work in any given week. Further, he was advised by his immediate supervisor, Wayne Chin Loy, to clock out when he hit 40 hours in a given workweek, but to continue working.

15. Defendant also issued Plaintiff 1099s during his employment so that Defendant could avoid paying certain taxes. At all times, however, Plaintiff was an employee of Defendant in that:

    a. Defendant exercised complete control over when Plaintiff was to arrive and leave work;

    b. Defendant maintained control over the manner in which Plaintiff performed his job;

  c. Plaintiff uses Defendant's materials and tools; and

  d. Plaintiff has been an employee of Defendant continuously since 2013.

16. Based on the way Plaintiff was compensated, it appears that Plaintiff was not paid for all hours worked, and was not paid at a rate of time and one-half for those hours worked over 40 in a workweek.

17. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

19. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

20. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## **COUNT ONE – VIOLATION OF FLSA / OVERTIME**

21. Plaintiff re-alleges and re-avers paragraphs 1–20 as fully set forth herein.

22. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

23. Specifically, FIGUEROA worked approximately 45–40 hours during each work week in which he was employed, but he was only paid for 40 hours by payroll check and, upon information and belief, was only paid straight time for some of his overtime hours.

24. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was not a true independent contractor and does not qualify under any of the exemptions from overtime.

25. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

26. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

27. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

28. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MARVIN FIGUEROA demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### COUNT TWO: VIOLATION OF 26 U.S.C. § 7434(a)
### (WILLFUL FILING OF FRAUDULENT INFORMATION RETURN)

29. Plaintiff re-alleges and re-avers paragraphs 1–24, above, as though the same were fully re-written herein, and says:

30. Plaintiff began working for Defendant in February 2013.

31. During the entirety of his employment with Defendant, Plaintiff was classified as an independent contractor by Defendant and was issued a Form 1099 for every year in which Plaintiff worked.

32. A Form 1099 is considered an information return as defined under the law.

33. However, Plaintiff was not an independent contractor in that

a. Defendant completely controlled the hours Plaintiff was to begin and cease work on a given day;

b. set his schedule, supervised the manner in which Plaintiff conducted his work;

c. issued Plaintiff tools which Plaintiff used to perform his tasks;

d. paid Plaintiff on an hourly basis as opposed to a flat rate for days worked;

e. maintained a continuing relationship with Plaintiff in that he was not hired to perform a particular "job" or task, but worked for Defendant month after month, year after year and continues to do so; and

f. had to report to Defendant's facility to perform his duties as opposed to working from home.

34. Defendant should have issued Plaintiff a Form W-2 and should have withheld Plaintiff's taxes as required by the Internal Revenue Service.

35. At all relevant times, Defendant knew that Plaintiff was not properly classified as an independent contractor because it dictated to Plaintiff the manner in which he was to perform his job and, in an effort to avoid paying taxes itself, willfully issued Plaintiff a 1099.

36. Plaintiff discovered that she was misclassified as an independent contractor and wrongfully issued Form 1099s by Defendant in January 2017 when he met with his counsel.

37. This claim is filed within (1) year of that discovery and therefore, Plaintiff is owed all damages from 2013 through the present in accordance with 26 U.S.C. § 7434(c).

38. Defendant is liable to Plaintiff for an amount equal to the greater of $5,000 or the sum of her actual damages, the costs of filing this action, and reasonable attorney's fees under 26 U.S.C. § 7434(b).

WHEREFORE, Plaintiff MARVIN FIGUEROA requests that:

a) The Court grant Plaintiff judgment against Defendant and award Plaintiff the greater of $5,000 or the sum of actual damages, costs, and attorney's fees; and

b) Such other relief as this Court deems necessary under the law.

### DEMAND FOR JURY TRIAL

Plaintiff MARVIN FIGUEROA demands trial by jury for all issues contained herein so triable by law.

Dated: April 4, 2017.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com